UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASHLEY KREISER, #805673,

        Petitioner,

                              CASE NO. 2:15-CV-10476
v.                              HONORABLE VICTORIA A. ROBERTS

ANTHONY STEWART,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Michigan prisoner Ashley Kreiser ("Petitioner") filed a pro se Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging her state criminal sentences. Petitioner pleaded no contest to two counts of manslaughter with a motor vehicle, MICH. COMP. LAWS § 750.321, in the Chippewa County Circuit Court and was sentenced to concurrent terms of 8 to 15 years imprisonment in 2011. In her pleadings, Petitioner asserts that she should be re-sentenced because the state trial court erred in departing above the recommended minimum range of the state sentencing guidelines.

Promptly after the filing of a habeas petition, a federal district court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the court determines that the petitioner is not entitled to relief, the court must

summarily dismiss the petition. *Id.*, *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases. No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005). After undertaking the review required by Rule 4, the Court finds that Petitioner is not entitled to federal habeas relief.

## II.     Facts and Procedural History

Petitioner's convictions arise from a car accident in Chippewa County, Michigan on May 30, 2010 which resulted in the death of two people. The Michigan Court of Appeals described the relevant facts, which are presumed correct on habeas review, *see* 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009), as follows:

> Defendant's convictions arise out of a fatal accident in which, while driving in an automobile with her boyfriend, defendant crossed the centerline and struck and killed David Strickland and Lisa Aikens, a father and daughter who were riding together on a motorcycle. Defendant had not slept for approximately 36 hours before the accident and had also consumed marijuana and benzodiazepine.[FN1] While driving on Lakeshore Drive in Bay Mills Township, she became distracted when trying to see what her boyfriend was writing and to whom when sending text messages on his cellular telephone. After crossing the centerline, defendant struck Strickland and Aikens's motorcycle. Strickland and Aikens suffered severe injuries and died shortly after the crash.
>
>> FN1. When interviewed by a sergeant from the Chippewa County Sheriff's Department a day after the accident, defendant admitted that she had been drinking earlier in the day and took some [V]alium a

2

> couple of days earlier. She denied that she had smoked marijuana in the past two or three days, but [THC] (marijuana) was detected in a blood sample drawn from her after the accident and a marijuana grinder with marijuana was found in her purse.
>
> Following defendant's guilty plea to two counts of manslaughter, the sentencing court departed upward . . . [by 10 months].

*People v. Kreiser*, No. 311560, 2014 WL 2218696, *1 (Mich. Ct. App. May 27, 2014) (unpublished).

Following her plea and sentencing, Petitioner filed an application for leave to appeal with the Michigan Court of Appeals asserting that she should be re-sentenced because the trial court erred in departing above the recommended minimum guideline range by sentencing her to concurrent terms of 8 to 15 years imprisonment. The Michigan Court of Appeals initially denied leave to appeal. *People v. Kreiser*, No. 311560 (Mich. Ct. App. Jan. 15, 2013) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court. In lieu of granting leave to appeal, the Michigan Supreme Court remanded the case to the Michigan Court of Appeals for consideration as on leave granted. *People v. Kreiser*, 494 Mich. 854, 830 N.W.2d 762 (2013). On remand, the Michigan Court of Appeals affirmed Petitioner's sentences finding that the trial court did not err in departing above the recommended minimum guideline range by 10 months. *People v. Kreiser*, No. 311560, 2014 WL 2218696, *1-3 (Mich. Ct. App. May 27, 2014) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Kreiser*, 497 Mich. 890, 854 N.W.2d 889 (2014).

Petitioner submitted her federal habeas petition to prison officials for mailing on February 2, 2015. In her pleadings, she raises the same upward departure sentencing claim presented to the state courts on direct appeal.

**III.     Standard of Review**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed her petition after the AEDPA's effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996). Additionally, a federal habeas court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

**IV.     Analysis**

Petitioner asserts that she is entitled to habeas relief and should be re-sentenced because the state trial court erred in departing above the recommended minimum range of the state sentencing guidelines. The Michigan Court of Appeals found that the 10-month upward departure was justified by the circumstances of the crime, particularly the impact on the surviving family members and the suffering of the victims, and concluded that the trial court did not err in imposing Petitioner's sentences. *Kreiser*, 2014 WL 2218696 at *1-3.

The state court's decision is neither contrary to United States Supreme Court precedent nor an unreasonable application of federal law or the facts. Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review unless the petitioner

4

can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner's sentences are within the statutory maximum of 15 years imprisonment. MICH. COMP. LAWS § 750.321. Sentences imposed within the statutory limits are generally not subject to federal habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Lucey*, 185 F. Supp. 2d at 745; *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

Petitioner's claim challenging the trial court's 10-month upward departure from the recommended minimum sentencing range is not cognizable on federal habeas review because it is a state law claim. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Austin v. Jackson*, 213 F.3d 298, 300-01 (6th Cir. 2000) (state court did not abuse its discretion nor violate federal due process by imposing a sentence above the state sentencing guidelines); *Cheatham v. Hosey*, 12 F.3d 211, 1993 WL 478854, *2 (6th Cir. Nov. 19, 1993) (departure from state sentencing guidelines is a state law issue not cognizable on federal habeas review); *Mitchell v. Vasbinder*, 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009) (denying habeas relief on sentencing departure claim). Any alleged error in departing from the recommended minimum guideline range does not merit habeas relief. State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review"); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived errors of state law. *Estelle v.*

*McGuire*, 502 U.S. 62, 67-68 (1991). Petitioner thus fails to state a claim upon which federal habeas relief may be granted in her pleadings.

The Court notes that a sentence may violate federal due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *Townsend*, 334 U.S. at 741; *see also United States v. Tucker*, 404 U.S. 443, 447 (1972) (citing *Townsend*); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (defendant must have a meaningful opportunity to rebut contested sentencing information). To prevail on such a claim, a petitioner must show that the court relied upon the allegedly false information. *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992). Petitioner makes no such showing. Rather, she admits that she had a sentencing hearing before the trial court with an opportunity to challenge the sentencing departure. She also presented her sentencing claim to the state appellate courts and was denied relief. Petitioner fails to establish that the state court relied upon materially false or inaccurate information in imposing her sentences which she had no opportunity to correct. Habeas relief is not warranted.

**V.     Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on her sentencing claim and her Petition for a Writ of Habeas Corpus must be denied.

Before Petitioner may appeal this decision, a Certificate of Appealability ("COA") must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies relief on the merits, the substantial showing threshold is met

if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner makes no such showing. She fails to make a substantial showing of the denial of a constitutional right. A COA is not warranted. Nor should Petitioner be granted leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. FED. R. APP. P. 24(a).

Accordingly;

**IT IS ORDERED** that the Petition for a Writ of Habeas Corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED** and leave to proceed in forma pauperis on appeal is **DENIED**.

        S/Victoria A. Roberts
        VICTORIA A. ROBERTS
        UNITED STATES DISTRICT JUDGE

Dated: March 19, 2015